STANLEY G. SATTERLEE, APPELLANT, V. FIRST NATIONAL
BANK OF COLUMBUS, APPELLEE.

FILED APRIL 4, 1907.  No. 14,722.

1. **Exemptions, Evasion of.** The institution of a suit in another state against the employee of a railroad company is only *prima facie* evidence of evasion of the exemption laws of this state.

2. **Agents, Unauthorized Acts of.** The owner of a note already in judgment, who places it in the hands of a collection agency with a distinct agreement that no suit is to be brought thereon, is not bound by the unauthorized action of the agent in bringing suit.

APPEAL from the district court for Platte county: JAMES G. REEDER, JUDGE. *Affirmed.*

*E. P. Weatherby*, for appellant.

*August Wagner*, contra.

DUFFIE, C.

In November, 1900, the First National Bank of Columbus, Nebraska, delivered to an agent of the Sprague Collection Agency of Chicago, Illinois, a number of notes, one for $150, made to the bank by the plaintiff, Stanley G. Satterlee, being among the number. The Satterlee note had been put in judgment in Platte county prior to its delivery to the Sprague Collection Agency, and that fact is shown by a memorandum made on a receipted list of the notes given the bank by the Sprague company. Notwithstanding this, the Sprague Collection Agency commenced attachment proceedings against Satterlee in justice court of Cook county, Illinois, in 1903, and, while it is doubtful whether regular proceedings to that end were taken, a pretense, at least, of garnishing the Chicago & N. W. R. Co., by whom Satterlee was employed at Norfolk, Nebraska, was made. Satterlee, being informed of these proceedings, went to Chicago, and made settlement of the case, and then brought this action against the defendant bank to recover his damages under sections 531c-531f of the code. The evidence shows that he is the head of a

family, a resident of this state, and within the class of persons designed to be protected by the statute above referred to. The case was tried to the court without a jury, and judgment entered dismissing the plaintiff's petition, and he has appealed from that judgment.

As before stated, the record does not make it plain that any garnishment proceedings were had against the Chicago & N. W. R. Co. A writ of attachment was obtained from the justice court in Cook county, Illinois, against the plaintiff, but no affidavit in garnishment is shown to have issued, nor is it shown that notice of garnishment was served upon the railroad company. Aside from this, the evidence is undisputed that, when the agent of the Sprague Collection Agency visited the First National Bank of Columbus for the purpose of securing collections, it was understood and agreed that all payments made on the collections should be made directly to the bank; that the only service to be performed by the collection agency was to see the debtors and induce them to make payment to the bank, in consideration of which it was to receive 20 per cent. on all collections that it could induce the debtors to make. Apparently the agency was not authorized to commence suit in the name of the bank, and the bank had no notice or knowledge that suit against Satterlee had been commenced until some days after the proceedings had been instituted. On the whole, we are satisfied that the bank never authorized this ·suit upon a note against which the statute of limitation had run, and which was already in judgment in Platte county. If we are to take the undisputed testimony of the cashier of the bank, no suit was authorized or contemplated at the time the note was turned over to the collection agency, and the fact that the note was already in judgment is strongly corroborative of his testimony.

We recommend an affirmance of the judgment.

JACKSON, C., concurs.

ALBERT, C., having been of counsel, not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.